UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Keyon J. Evans,

    Petitioner,      Case Number: 26-11308
               Honorable F. Kay Behm
v.             U.S. District Judge

Lake Orion Police Department and
Oakland County Sheriff Department,

    Respondents.
             /

**OPINION AND ORDER GRANTING APPLICATION TO
PROCEED WITHOUT PREPAYING FEES (ECF 5) AND
<u>SUMMARILY DISMISSING CASE WITHOUT PREJUDICE</u>**

  Keyon J. Evans, a pretrial detainee confined at the Oakland County Jail in

Pontiac, Michigan, filed a pro se petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2241.[1] Evans seeks dismissal of several state criminal proceedings and

claims that the conditions of his confinement are unconstitutional.  He names the

Lake Orion Police Department and Oakland County Sheriff's Department as

defendants.  Evans has also filed an amended complaint.[2]  (ECF No. 6.)

---

[1] The Rules Governing Section 2254 Cases, including the screening requirement of
Rule 4, apply to § 2241 petitions.  *See* Rule 1(b) of the Rules Governing Section
2254 Cases.

[2] While an amended complaint normally "supersedes an earlier" complaint "for all
purposes," *Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) (quotation
omitted), the Court holds a *pro se* pleading to "less stringent standards than formal

Evans also filed an application to proceed without prepaying fees or costs. (ECF No. 5.)  The Court has reviewed the application and supporting papers and grants the application to proceed in forma pauperis.  For the following reasons, the Court will dismiss the case without prejudice.

## I.   Discussion

### A.  Habeas Claims

Rule 4 of the Rules Governing § 2254 Cases requires the court to conduct a preliminary review of a federal habeas case and determine whether it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. If, after initial consideration, the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *See* Rule 4, Rules Governing § 2254 Cases; *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021) (district court has the duty to screen out petitions that lack merit on their face). Cases subject to dismissal under Rule 4 include those that raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Id.*

---

pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Here, it is unclear whether Evans intended the amended petition to supersede the original petition. The Court will consider the original and amended petitions together as the operative petition.

A state pretrial detainee may bring a habeas action in federal court pursuant to 28 U.S.C. § 2241 to demand enforcement of his or her speedy trial rights or to raise double jeopardy issues but may not generally seek habeas relief to forestall state prosecution altogether. *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489-491 (1973); *Christian v. Wellington*, 739 F.3d 294, 298 (6th Cir. 2014). In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that, absent extraordinary circumstances, a federal court may not enjoin pending state criminal prosecutions. The rule is designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court. *Younger*, 401 U.S. at 56. Thus, while 28 U.S.C. § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner. *Christian*, 739 F.3d at 298.

A federal court must abstain from enjoining a state criminal proceeding if: (1) the state proceeding is ongoing; (2) an important state interest is implicated; and (3) the petitioner has an adequate opportunity in the state proceeding to raise constitutional challenges. *Middlesex Co. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Hill v. Snyder*, 878 F.3d 193, 206 (6th Cir. 2017). The

3

three factors that support *Younger* abstention are present here. First, there is an ongoing state criminal prosecution in the Oakland County Circuit Court. Second, state criminal proceedings involve important state interests. *Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000); *see also Younger*, 401 U.S. at 50. Third, the state court proceedings provide an adequate opportunity for Evans to raise federal constitutional challenges. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 16 (1987) ("[W]hen a litigant has not attempted to present his [or her] federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). If the trial court denies Evans relief, he may pursue an appeal, mandamus, and/or collateral review in the state courts as provided by Michigan law.

Abstention is thus appropriate unless of one of the three exceptions to the *Younger* abstention doctrine applies. Those exceptions are: (1) the state proceeding is motivated by a desire to harass or is conducted in bad faith, *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975), (2) the challenged statute is flagrantly and patently violative of express constitutional prohibitions, *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611), or (3) there is an extraordinarily pressing need for immediate federal equitable relief. *Kugler v. Helfant*, 421 U.S.

117, 125 (1975). These exceptions are interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986).

In this case, Evans asserts a speedy trial claim. While a speedy trial claim may provide a basis to warrant intervention in an ongoing state criminal prosecution, the habeas petition is nonetheless subject to dismissal on exhaustion grounds. Federal courts require a petitioner seeking relief under 28 U.S.C. § 2241 to fully exhaust state court remedies before proceeding in federal court. *Braden*, 410 U.S. at 489-490; *see also Rose v. Lundy*, 455 U.S. 509, 518-519 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error.").

To satisfy the exhaustion requirement, a prisoner must give the state courts one full fair opportunity to resolve any constitutional issues and invoke one complete round of the State's established appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Exhaustion is required for speedy trial claims. *Patton v. Bonner*, No. 20-5531, 2021 WL 2026933, *2 (6th Cir 2021) (denying a COA on unexhausted speedy trial claim). The burden is on the petitioner to prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). In this case, Evans fails to show that he has exhausted available remedies in the Michigan state courts

before seeking federal habeas review. Accordingly, his habeas claims are premature and will be dismissed.

### B.    Civil Rights Claims

Evans also challenges the conditions of his confinement at the Oakland County Jail. A habeas petition is the appropriate vehicle for challenging the fact or duration of confinement, *Preiser v. Rodriguez*, 411 U.S. 475, 486-487 (1973), but is generally not available for complaining about the conditions of confinement. It is true "that where a petitioner claims that no set of [prison] conditions would be constitutionally sufficient[,] the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement." *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020). Evans seeks release from jail, but he does not allege that the challenged prison conditions can "be remedied only by release." *Id.* Accordingly, he fails to state a claim upon which habeas relief may be granted under § 2241 as to such matters.

If Evans wishes to pursue those claims, he must bring them in a properly filed civil rights action. The requirements for filing a civil rights case in federal court differ from a habeas case, including the payment of a $350.00 filing fee and a $55.00 administrative fee for a civil rights action (which is paid up front or in installments for indigent prisoners) versus a $5.00 filing fee for a habeas action (which is paid up front or waived for indigent prisoners). Evans may not

6

circumvent those requirements by filing a joint or hybrid action. The civil rights claims must be dismissed without prejudice.

## III.   Conclusion

For the reasons stated, the Court holds that Evans' challenge to his ongoing state criminal proceedings is premature, and he is not entitled to federal habeas relief at this time. Accordingly, the court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court also **DISMISSES WITHOUT PREJUDICE** Evans' civil rights claims.

Before the petitioner may appeal, a certificate of appealability ("COA") must issue. *See* 28 U.S.C. ' 2253(c)(1)(a); Fed. R. App. P. 22(b); *Winburn v. Nagy*, 956 F.3d 909, 911-912 (6th Cir. 2020) (state pre-trial detainee must obtain a COA to appeal the dismissal of a § 2241 petition). A COA may issue only if a habeas petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). When a court denies relief on procedural grounds, a COA should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the

court was correct in its procedural ruling. *Id.* Evans makes no such showing.

Reasonable jurists would not find the Court's ruling debatable. Accordingly, the

Court **DENIES** a COA.

Lastly, the court concludes that an appeal from this decision cannot be taken

in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the court **DENIES** leave to

proceed *in forma pauperis* on appeal. This case is closed.

**SO ORDERED**.

Date: July 13, 2026 <u>s/F. Kay Behm</u>
F. Kay Behm
United States District Judge